UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FROGGIES TOWING & SALVAGE, LLC, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00001 |
| | § | |
| TOWING MANAGEMENT LIMITED LIABILITY COMPANY, *et al*, | § § § | |
| Defendants. | | |

## ORDER REMANDING CASE

On December 11, 2014, Plaintiff Froggies Towing & Salvage, LLC (FTS) filed in the County Court of Calhoun County, Texas, this suit against Defendants Towing Management, LLC (Towing) and Patrick E. Laxson (Laxson), alleging breach of contract regarding the assist and rescue of a sinking vessel. D.E. 1-1. On January 5, 2015, Towing and Laxson timely filed their Notice of Removal, removing the case to this Court pursuant to 28 U.S.C. § 1441(a), solely on the basis of general admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1).

On January 29, 2015, FTS filed its Motion to Remand (D.E. 9), arguing that this Court does not have removal jurisdiction because of the saving to suitors clause of 28 U.S.C. § 1333(1). This Court has previously considered this question at length. *Figueroa v. Marine Inspection Services*, 28 F. Supp. 3d 677, 680-82 (S.D. Tex. 2014). After analysis of the interplay between the removal statute and the jurisdictional statute, the Court concluded then, and remains convinced, that the saving to suitors clause

prevents removal without a basis for jurisdiction independent of admiralty or maritime jurisdiction. Because Towing and Laxson have failed to demonstrate an independent basis for removal jurisdiction, they have failed to sustain their burden of proof and this case is hereby remanded to the County Court of Calhoun County, Texas, the court from which it was removed.

ORDERED this 24th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE